UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERARD LOVE,

    Plaintiff,

    v.

CITY OF DETROIT, ET AL.,

    Defendants.
_____/

Case No. 19-cv-10073

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [#21]**

**I. INTRODUCTION**

On January 9, 2019, Plaintiff Jerard Love commenced this action against the City of Detroit and Detroit Police Department Officers Adnan Balija and Reuben Yesrael. Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983, alleging violations of his Fourth Amendment rights arising from an encounter on May 24, 2017. Plaintiff also brings a municipal liability claim against the City of Detroit.

Presently before the Court is the Defendants' Motion for Summary Judgment, filed on January 15, 2020. ECF No. 21. On February 12, 2020, Plaintiff filed his Response in Opposition. ECF No. 24. Defendants did not file a Reply. A hearing was held on this matter on June 5, 2020. For the reasons that follow, the Court will

GRANT IN PART and DENY IN PART Defendants' Motion for Summary Judgment [#21].

## II. FACTUAL BACKGROUND

Plaintiff Jerard Love is 29 years old and resides in Wayne County, Michigan. ECF No. 1, PageID.3. On May 24, 2017 at approximately 1:20 a.m., Plaintiff was sitting in his vehicle, a 2001 GMC Yukon, in the private parking lot of the Anthos Garden Apartments in the City of Detroit. ECF No. 21, PageID.73. Plaintiff's vehicle lights and engine were on, and his vehicle was stopped across two separate parking spaces in the apartment lot. ECF No. 24, PageID.94. Love states that his car was still in drive while he was waiting for his girlfriend to come outside from the apartment building. *Id.*

While on routine patrol in the area, Defendant Detroit Police Officers Adnan Balija and Reuben Yesrael observed Plaintiff's vehicle in the apartment parking lot. ECF No. 21, PageID.73. The Defendant officers drove into the lot, flashed their patrol vehicle lights, and stopped in front of Plaintiff's car at a perpendicular angle. ECF No. 24-3, PageID.148-149. The parties disagree about how closely the officers stopped their vehicle in front of Plaintiff's car; Defendant Yesrael stated in his deposition that Love had enough room to drive away from the police vehicle, while Love states that he was effectively boxed in and unable to leave if he tried. ECF No. 24, PageID.99, 185.

The officers stepped out of their vehicle and approached Plaintiff while shining a flashlight into his front windshield. *Id.* at PageID.95. In his testimony during Love's state court preliminary examination, Defendant Balija stated that he approached the driver's side door of the Yukon and witnessed Love "lean forward in the seat and . . . mak[e] a stuffing motion with his left hand towards the driver's side door." ECF No. 24-3, PageID.124-125. In his deposition for the civil matter, Balija asserted that he leaned inside the driver's side window and observed a firearm below in the driver's side door pocket. ECF No. 24-4, PageID.180. His police report also noted that, at this time, Defendant Balija "heard a thud sound coming from the driver's side area by the door." *Id.* Balija then opened the driver's side door and removed Plaintiff from his vehicle. *Id.* He did not recall asking Plaintiff whether he had a weapon in the vehicle or any other preliminary questions prior to leaning into the window, observing the weapon, and removing Love from his vehicle. *Id.* Plaintiff then failed to produce a concealed pistol license when asked by the officers. ECF No. 21, PageID.73.

Love was subsequently arrested for carrying a concealed weapon. He was placed into handcuffs without incident and transported to jail by the officers. ECF No. 24, PageID.95. Love was also issued a citation for illegal parking on public property. ECF No. 21, PageID.73.

On July 7, 2017, the state district court bound Plaintiff over to the Wayne County Circuit Court. *Id.* Love filed a motion to suppress on September 18, 2017, and Defendant Balija testified at the evidentiary hearing. ECF No. 24-3, PageID.159. Notably, the Assistant Wayne County Prosecutor declined to file a response to Plaintiff's suppression motion, instead noting on the record that, given the officer's testimony, he thought the encounter "was a seizure without the requisite reasonable suspicion to satisfy the Fourth Amendment," so he could not "make a reasonable legal objection to the defense counsel's motion." ECF No. 24-10, PageID.222. The charges were therefore dismissed without prejudice. ECF No. 21, PageID.74.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 56(c) "directs that summary judgment shall be granted if 'there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Cehrs v. Ne. Ohio Alzheimer's Research Ctr.*, 155 F.3d 775, 779 (6th Cir. 1998). The court must view the facts, and draw reasonable inferences from those facts, in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). No genuine dispute of material fact exists where the record "taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Ultimately, the court

evaluates "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

## IV. DISCUSSION

### A. Fourth Amendment Unlawful Seizure

Love alleges that the Defendant officers unlawfully seized him when they boxed in his car in a private parking lot without probable cause. Defendants move for summary judgment on this count, arguing that they are entitled to qualified immunity because there was probable cause for Plaintiff's arrest.

To determine whether a police officer is entitled to qualified immunity, the Court applies a two-prong test: "(1) whether the facts, when taken in the light most favorable to the party asserting the injury, show the officer's conduct violated a constitutional right; and (2) whether the right violated was clearly established such 'that a reasonable official would understand that what he is doing violates that right.'" *Mullins v. Cyranek*, 805 F.3d 760, 765 (6th Cir. 2015) (citation omitted). "This inquiry turns on the 'objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken.'" *Pearson v. Callahan*, 555 U.S. 223, 243–44 (2009) (quoting *Wilson v. Layne*, 526 U.S. 603, 614 (1999)).

The Sixth Circuit has held that a seizure occurs when an officer uses his vehicle to prevent an individual from leaving. *See United States v. Gross*, 662 F.3d 393, 399 (6th Cir. 2011); *Bennett v. City of Eastpointe*, 410 F.3d 810, 833 (6th Cir. 2005); *United States v. Pavelski*, 789 F.2d 485, 488 (7th Cir. 1986). This seizure is unlawful if it arises out of an officer's show of authority, and a plaintiff's submission to that show of authority, without reasonable suspicion of criminal activity. *Bennett*, 410 F.3d at 833 (denying qualified immunity when an officer used his vehicle to block the path of bicyclists who "stopped riding their bikes and gave attention" to the officer).

Here, the facts indicate that Defendants Balija and Yesrael unlawfully seized Plaintiff when they used their patrol vehicle to obstruct his movement without reasonable suspicion of criminal activity or a valid civil infraction. Love was sitting in his vehicle in a private apartment parking lot with his lights and ignition on, even stating in his deposition testimony that his car was still in drive. ECF No. 24-2, PageID.111. While the Defendants argue that Plaintiff's double parking gave rise to reasonable suspicion of a civil infraction, Love was parked in a private parking lot that is not subject to public parking ordinances. The Defendants demonstrated their authority by parking perpendicular to Love's vehicle and preventing his movement, effectively boxing him into one area.

Further, Love claims that he had his hands visible when the officers approached him and states that he handed Defendant Balija his driver's license through the window as the officer attempted to open his vehicle door. ECF No. 24-2, PageID.111. Plaintiff's presentation of his driver's license clearly shows that he was submitting to the Defendant officers' show of authority and that he did not feel free to leave. *Bennett*, 410 F.3d at 833. Because Love was on private property, there was no civil ordinance violation giving rise to reasonable suspicion. These facts, taken in the light most favorable to the Plaintiff, indicate that the Defendants unreasonably seized Plaintiff in violation of the Fourth Amendment. *Anderson*, 477 U.S. at 255. Accordingly, Defendants Balija and Yesrael are not entitled to qualified immunity and summary judgment is therefore denied.

### B. Municipal Liability

Love also alleges that the City of Detroit failed to adequately train and supervise its officers because of the Defendant officers' conduct in the present matter. The City moves for summary judgment and argues that Plaintiff has not met his burden to establish municipal liability.

Plaintiff's § 1983 claim against the City of Detroit must "demonstrate that the alleged federal violation occurred because of a municipal policy or custom." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)); *see also Miller v. Sanilac Cnty.*, 606 F.3d 240,

254–55 (6th Cir. 2010). Plaintiff must make this showing by demonstrating one of the following:

> (1) the existence of an illegal official policy or legislative enactment;
> (2) that an official with final decision making authority ratified illegal actions;
> (3) *the existence of a policy of inadequate training or supervision*; or
> (4) the existence of a custom of tolerance or acquiescence of federal rights violations.

*Burgess*, 735 F.3d at 478 (citing *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (emphasis added)). "A municipality 'may not be sued under § 1983 for an injury inflicted solely by its employees or agents.'" *Id.* (quoting *Monell*, 436 U.S. at 694).

To succeed on a failure to train or supervise claim in the Sixth Circuit, a plaintiff must prove the following:

> (1) the training or supervision was inadequate for the tasks performed;
> (2) the inadequacy was the result of the municipality's deliberate indifference; and
> (3) the inadequacy was closely related to or actually caused the injury.

*Ellis ex rel. Pendergrass v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006). "'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Regets v. City of Plymouth*, 568 Fed. App'x. 380, 394 (6th Cir. 2014) (quoting *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 410 (1997)). There are two ways to demonstrate deliberate indifference. A plaintiff could "show prior instances of unconstitutional conduct demonstrating that [a city] has ignored a history of abuse

and was clearly on notice that the training in this particular area was deficient and likely to cause injury." *Plinton v. Cnty. of Summit*, 540 F.3d 459, 464 (6th Cir. 2008) (quoting *Fisher v. Harden*, 398 F.3d 837, 849 (6th Cir. 2005)). In the alternative, a plaintiff could show "a single violation of federal rights, accompanied by a showing that a municipality has failed to train its employees to handle recurring situations presenting an obvious potential for such a violation . . ." *Id.* (quoting *Bryan Cnty.*, 520 U.S. at 409).

In the instant case, Plaintiff has failed to show that a genuine issue for trial exists as to his municipal liability claim. Love has not presented any evidence to the Court showing that the City of Detroit was aware of any prior instances of Defendants' unconstitutional conduct. There is also no evidence before this Court that the City ignored Defendants' histories of abuse. As such, the City of Detroit is entitled to judgment in its favor.

## V. CONCLUSION

For the reasons discussed herein, the Court will GRANT IN PART and DENY IN PART Defendants' Motion for Summary Judgment [#21].

**IT IS SO ORDERED.**

s/Gershwin A. Drain_____
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE